# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 27, 2013

No. 11-40952
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE MOLINA-URIBE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 1:97-CV-97, 1:87-CR-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 1987, Felipe Molina-Uribe was convicted by a jury of first degree murder. He was sentenced to life imprisonment. Ten years later, he filed suit in the United States District Court for the Southern District of Texas, seeking relief under 28 U.S.C. § 2255. Since then, the suit has been before this court several times. The current appeal is from the denial of all relief. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40952

In 2003, the district court granted relief under Section 2255, vacating Molina-Uribe's conviction and sentence based on a finding of constitutionally ineffective assistance of counsel. This court reversed and remanded "for further proceedings as appropriate." *United States v. Molina-Uribe*, 429 F.3d 514, 520 (5th Cir. 2005). An issue on remand was whether our reversal had resolved all claims regarding the assistance of counsel against Molina-Uribe. The magistrate judge held that this court's opinion had conclusively denied all vlaims of ineffective assistance of counsel. The district court adopted the recommendation to deny relief but granted a certificate of appealability ("COA") due to the unusual history of the case and that court's perception that our remand order was ambiguous. The district court did not, though, explicitly identify the issue on which the COA was granted. *See* 28 U.S.C. § 2253(c)(3). In November 2012, we remanded for the limited purpose of having the district court specify the issues on which the COA was granted.

The district court has clarified that the COA covers whether that court "erred in ruling that certain issues were decided by the Circuit's prior opinion, thereby precluding further review," and if so, whether any of those issues are grounds for Section 2255 relief.

The magistrate judge's final report and recommendation stated, "it would seem that the Fifth Circuit decided the referred issues, which dictates that this case be dismissed with prejudice," then, in the alternative, the magistrate judge rejected those issues. The district court adopted that report.

We agree that our earlier ruling resolved all claims of ineffective assistance by counsel. We primarily discussed, as did Molina-Uribe's habeas petition and as does his current briefing before the court, ineffectiveness of counsel relating to the defense that Molina-Uribe was framed or entrapped in a Drug Enforcement Agency conspiracy. *Molina-Uribe*, 429 F.3d at 519-20.

No. 11-40952

Notwithstanding this focus, that opinion also considered Molina-Uribe's ineffective assistance of counsel claims more broadly, referring to the "trial defense" as a whole, and noting what was not alleged by Molina-Uribe:

> There is no complaint or finding that defense counsel wrongfully failed to discover or present any evidence favorable to Molina-Uribe; or wrongfully failed to have excluded any evidence harmful to him; or wrongfully conceded any fact or point of law harmful to him; or that the jury was not adequately instructed on all elements of the offense and all available defenses, including accident, self-defense, and heat of passion.

*Id.* at 515, 520. We also said that "all necessary investigation and discovery" had been conducted. *Id.* at 519. Our prior opinion should be read as a denial of the validity of Section 2255 relief on all ineffective assistance of counsel grounds.

AFFIRMED.

3